IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| TRE VON WOODARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:19-CV-00243-H-BU |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Tre Von Woodards filed this *pro se* civil action against the State of Texas on December 12, 2019. Dkt. No. 1. United States District Judge James Wesley Hendrix referred this matter to the undersigned for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the Court granted Woodards leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 6.

For the following reasons, the undersigned recommends that Woodards's complaint be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for want of prosecution and for Woodards's failure to comply with the Court's order to appear for a hearing on August 11, 2020.

I. BACKGROUND

Woodards's hand-written complaint alleges that his civil rights were violated by "abusive force by police officer (cuts on my wrists) (head was banged)." Dkt. No. 1 at 4. He claims that "the police officer laughed at my family's name," that he was "forced and manipulated," and "suffered psychologically." *Id*. Additionally, he lists "harassment" and "decrimination [sic] outside of the prisons," "paranoia, distrust," and "threats (everywhere) jobs, neighborhoods." *Id*.

Woodards provides no details about the identity of any individuals involved in these purported violations or even when these events supposedly occurred. Woodards is seeking from the State of Texas "$10 billion in relief" for "medical, schools, my well-being." *Id.*

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties" for failure to prosecute or for failure to comply with the federal rules or any court order. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

## III. FINDINGS AND ANALYSIS

On January 22, 2020, the Court entered an order advising Woodards that his complaint was subject to summary dismissal because it lacked a logical set of facts that supports a claim for relief. Dkt. No. 7. The Court cautioned Woodards through that order that to the extent his claims were not factually frivolous, he had thus far failed to allege facts to support a plausible claim for relief. *Id*. Because Woodards is proceeding pro se, the Court granted Woodards leave to file an amended complaint to plead his best case after being advised of the applicable pleading standards. *Id*. The Court also provided Woodards with a form Complaint for Violation of Civil Rights (Non-Prisoner Complaint), which Woodards was ordered to return to the Court within 14 days from the date of that order if he desired to amend his complaint to comply with those pleading standards. *Id*.

Otherwise, Woodards was admonished that his civil action would be dismissed without further notice as frivolous or for failure to state a claim. *Id*.

Woodards filed his Amended Complaint on February 4, 2020, and included forty additional pages of documents purportedly in support of his claims. Dkt. No. 8.

Then, on April 17, 2020, Woodards filed a motion in which he sought, among other things, a new judge in this and all his civil cases pending at the time. *See* Dkt. No. 15. That motion, which the Court liberally construed as one for the recusal of the undersigned, was a rambling, incoherent, and delusional 260-page collection of documents which Woodards also filed in several other lawsuits he then had pending in this district.[1] Because Woodards presented no valid grounds or factual support for disqualification or recusal of the undersigned, that motion was denied for the reasons explained in the Court's order. *See* Dkt. No. 16.

This was not the first frivolous motion filed by Woodards in this case. Woodards had filed other motions having no basis in law or fact including, notably, a motion to withdraw $10 billion from the registry of the Court. *See* Dkt. Nos. 11 and 12. Each of Woodards's motions, like his other lawsuits, appeared to share the common trait of having no purpose other than to abuse the judicial process. In fact, in denying the above frivolous motions, the Court warned Woodards that continuing to file vexatious or frivolous motions in this case may result in the imposition of sanctions, including the dismissal of this lawsuit. *See* Dkt. No. 13 at 3. Less than one month after that warning, Woodards filed his 260-page motion to recuse the judges in each of his lawsuits.

In response to Woodards's continued filing of frivolous motions, the Court ordered Woodards to appear in person on August 11, 2020, and show cause why this case should not be

---

[1] *See, e.g. Woodards v. Leonard Green & Partners*, No. 1:19-CV-00255-H-BU, *Woodards v. Gannaway*, No. 1:19-CV-00256-H-BU, *Woodards v. Phillip Morris International*, No. 1:20-CV-004-H-BU, and *Woodards v. Dallas Police Department*, No. 1:20-cv-0046-H-BU.

dismissed. *See* Dkt. No. 16. Woodards was again cautioned through that show cause order that this Court may dismiss his lawsuit for failure to prosecute his case or for failure to comply with the rules and orders of this Court. *Id*.  Woodards failed to appear for his show cause hearing on August 11, 2020 (*see* Dkt. No. 17) and has otherwise failed to show good cause why this case should not be dismissed.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court dismiss Woodards's case without prejudice under Federal Rule of Civil Procedure 41(b) for want of prosecution and for Woodards' failure to comply with the Court's order to appear on August 11, 2020.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IT IS SO ORDERED this 19th day of February, 2021.


JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE